White, J.
 

 delivered the following opinion of the Court: —
 

 We are of opinion that the principal is responsible in this form of action for the conduct of his deputy. 6 Com. Dig. 393 ; Tit. Tres. C. 1 ; 3 Wils. 309 ; 1 Dougl. 40. A statute of this State authorizes a sheriff to levy executions issuing from a justice of the peace; and, consequently, so far as regards the liability of the principal, the question is
 
 to
 
 stand upon the same grounds as if the executions had issued from a court of record.
 

 
 *316
 
 We are further of opinion that executions issued by a justice of the peace, and put into the hands of a sheriff or constable, create no lien upon the debtor’s property until they are actually levied. It would be most unreasonable to presume that a purchaser knows of an execution issued by a justice of the peace and in the hands of a constable, and upon that presumption deprive him of property honestly purchased. Justices may render judgments in any part of the county. In some counties there are thirty or forty of them, and is a purchaser to hold his hand until he makes inquiries of every justice and constable in the county? The presumptions upon which liens are created by executions issuing from a court of record, have no foundation when applied to executions issued by a justice of the peace.
 

 The judgment of the Circuit Court must be reversed, with directions to enter a judgment in favor of the appellant for forty-seven dollars, the damages assessed by the jury.